# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO GEATTI, | : | |
| Plaintiff, | : | Civil No. 3:12-CV-0032 |
| v. | : | |
| MIN-SEC COMPANIES, | : | (Mannion, D.J.) (Blewitt, M.J.) |
| Defendant. | : | |

## MEMORANDUM

Pending before the court is the report and recommendation, (Doc. No. 25), of Judge Blewitt recommending that the district court grant defendant's motion for summary judgment, (Doc. No. 15). The court agrees with the report and recommendation in that plaintiff has failed to meet his burden of demonstrating the existence of a genuine issue of material fact in opposing the motion for summary judgment. Therefore, after a *de novo* review of those portions of the report and recommendation to which plaintiff objects, the court will **ADOPT** the report and recommendation **IN ITS ENTIRETY** and **GRANT** defendant's motion for summary judgment.

## BACKGROUND

This case arises out of plaintiff's allegedly unlawful termination by defendant, which plaintiff claims violated the Family and Medical Leave Act (FMLA), the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act (ADA). (Doc. No. 1). Plaintiff began working at Min-Sec as a security monitor on September

2, 2003. (Doc. No. 17, at 2). Throughout his employment at Min-Sec he was disciplined on multiple occasions and cited for violating numerous workplace policies and procedures. (Doc. No. 17, at 2). In particular, plaintiff repeatedly showed up late for work, failed to maintain the security of inmates at the company's treatment center, and fell asleep on the job. (Doc. No. 17, at 8).

As a result of these violations, Min-Sec gave him multiple corrective action notices as well as unsatisfactory performance reviews. (Doc. No. 17, at 2). On September 17, 2010, plaintiff was suspended without pay for: "(I) improper use of official reporting documentation; and (ii) improper use of Min-Sec's equipment for personal use." (Doc. No. 17, at 21). Nevertheless, Min-Sec did not terminate plaintiff, instead retaining him pursuant to a "last chance agreement," which provided that any further violations of company policy would result in termination. (Doc. No. 17, at 2-3, 14).

On October 19, 2010, plaintiff "failed to secure facility keys" and was terminated pursuant to the terms of the last chance agreement. (Doc. No. 17, at 25). Min-Sec claims that plaintiff was fired because of his work performance and disciplinary problems and that no other factor played any role in his termination. (Doc. No. 17, at 9). Plaintiff disputes these facts, albeit without any evidentiary support, and argues that he was fired based on discriminatory reasons, in particular because of his race, disability, age, and in violation of the FMLA. (Doc. No. 19). Min-Sec did not receive an appeal of

2

the decision to terminate even after the company gave plaintiff notice of his termination. (Doc. No. 17, at 9).

On October 26, 2011, the Equal Employment Opportunity Commission issued a right to sue letter to plaintiff. (Doc. No. 17, at 54). Plaintiff subsequently filed a complaint with this court on January 6, 2012, alleging claims under the FMLA (29 U.S.C. §2601 et seq.), the ADEA (29 U.S.C. §621 et seq.), the ADA (42 U.S.C. §12101 et seq.) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.). (Doc. No. 1, at 3-9). Plaintiff also brought a retaliation claim under Title VII. (Doc. No. 1, 6-7). On March 6, 2012, defendant filed an answer with affirmative defenses, (Doc. No. 5), and, after discovery deadlines had closed, filed a motion for summary judgment. (Doc. No. 15). The parties submitted briefing and their respective statements of material fact, but plaintiff failed to cite any evidence in the record in support of his version of the facts. (Doc. No. 19).

On April 19, 2013, Judge Blewitt issued a report and recommendation recommending that the court dismiss plaintiff's complaint. (Doc. No. 25). In particular, Judge Blewitt noted that plaintiff failed to produce any evidence controverting the evidence provided by defendant in its statement of material facts. (Doc. No. 25.) Therefore, Judge Blewitt recommended that this court grant summary judgment on the grounds that plaintiff failed to satisfy his burden of producing evidence demonstrating the existence of a genuine issue

3

of material fact. (Doc. No. 25).

Plaintiff filed objections to the report and recommendation on June 6, 2013, (Doc. No. 27), arguing: (1) that the documents supporting defendant's motion for summary judgment were fraudulent and created after the fact for purposes of litigation, (2) that Judge Blewitt improperly recommended dismissal of EEOC Complaint No. 530-2011-01748, and (3) that dismissal is improper because the complaint was properly filed with the court and was properly formatted. Plaintiff also argued, in the alternative, that the court grant him leave to amend his complaint. (Doc. No. 27). The court will now consider plaintiff's objections to the report and recommendation.

## **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**DISCUSSION**

Plaintiff first objects to the report and recommendation on the grounds that defendant's statement of material facts is fraudulent insofar as defendant "fabricated disciplinary action or actions and a termination notice which the Plaintiff never received while working for the defendant." (Doc. No. 27, at 1, 3-6). He further argues that, even if he did fail to produce evidence supporting a genuine dispute of material fact, this error is moot as a result of defendant's alleged perjury. (Doc. No. 27, at 1, 3-6).

At the summary judgment stage, the moving party has the initial burden of production, which means the moving party must identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Schlegel v. State Farm Mut. Auto. Ins. Co., 11-CV-2190, 2013 WL 4041848,

\*3 (M.D.Pa. Aug. 8, 2013). Once the moving party has met this burden, the non-moving party must produce sufficient evidence to establish a genuine dispute of material fact such that a reasonable fact finder could find in the non-moving party's favor. Hittle v. Scripto-Tokai Corp., 166 F.Supp.2d 142, at 147-48 (M.D.Pa. 2001). If the non-moving party fails to meet this burden, then the court must grant summary judgment in the movant's favor.

Here, defendant, the moving party, has directed the court's attention to two evidentiary sources which demonstrate the absence of a genuine dispute of material fact, the affidavit of J. Allen Nesbitt and the affidavit of Angela Nader. (Doc. No. 17, at 2). This evidence indicates that plaintiff was terminated from employment at Min-Sec because he violated workplace policies and procedures, not because of his race, disability, age, or as a result of protected family or medical leave. (Doc. No. 17, at 2). In response, plaintiff filed a statement of material facts but produced no evidence or pointed to anything in the record indicating that defendant terminated plaintiff for discriminatory reasons. (Doc. No. 19.) At the motion for summary judgment stage, "the non-moving party may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial." Picozzi v. C.O. Haulderman, 08-CV-926, 2011 WL 830331, \*2 (M.D.Pa. March 3, 2011). Because plaintiff has failed to produce evidence controverting defendant's statement of material facts, plaintiff has

6

failed to meet his burden in opposing the motion for summary judgment.

In response, plaintiff contends that his statement of material facts is itself evidence sufficient to survive summary judgment. (Doc. No. 27, at 2). While it is certainly true that a party's statements may be evidence for the purposes of a motion for summary judgment if they are sworn statements such as declarations or affidavits, plaintiff's statement of material facts is an unsworn document and, therefore, cannot be considered as evidence in satisfying his burden. Fed. R. Civ. P. 56(c)(1)(A) (affidavits or declarations may support motion for summary judgment). Therefore, plaintiff is incorrect in arguing that the statement of material facts, an unsworn document with no citations to record evidence, is sufficient to rebut defendant's evidence and avoid summary judgment.

The court is mindful of plaintiff's allegations that defendant was less than truthful in its statement of material facts and submitted false documents in support of that statement. Nonetheless, at summary judgment the court is not permitted to make credibility determinations or weigh the evidence to determine which party's account of the facts is correct. Cassidy v. Pocono Medical Center, 12-CV-1191, 2013 WL 2403572, *4 (M.D.Pa. May 31, 2013).

As an alternative to dismissal, plaintiff requests that the court grant him leave to amend his complaint. (Doc. No. 27, at 6). Plaintiff states:

> Neither the court or the Defendant has raised any issues with the way that the complaint was presented before and as far as the

> Plaintiff is concerned the complaint had been properly filed and all the issues in the complaint or individual complaints were in proper format and properly filed and the filing fee was paid. The case was filed by the Plaintiff's at the time attorney who is now no longer on the case but he was also not informed of any semantic errors or errors in format for the complaint. If the complaint has anything missing that could be expanded on, the Plaintiff Pro Se has no problem submitting an amended complaint, but he has to be informed of the information that is claimed to be missing. (Doc. No. 27, at 6).

Plaintiff is under the mistaken impression that a motion for summary judgment in some way concerns the legal sufficiency of a complaint. At the summary judgment stage, the focus of the parties' dispute is no longer on the complaint, but over the evidence that the parties produce to support the allegations in the complaint. Fed. R. Civ. P. 56(c). As stated above, plaintiff's statement of material facts fails to cite to any evidence supporting his claims, and the record is devoid of any evidentiary documents which the court could independently rely on to demonstrate that this case presents a genuine issue of material fact. Therefore, granting plaintiff leave to amend would be futile because plaintiff's fault lies in his failure to produce evidence, not plead his claims.

Plaintiff next objects to Judge Blewitt's comment about the status of EEOC complaint number 530-2011-01748, which defendant informs the court was originally pending in the Eastern District of Pennsylvania before the parties agreed to request that the EEOC dismiss it as duplicative. (Doc. No. 24.) Judge Blewitt states in his report and recommendation, "Paragraph 13

of Defendant's SMF also states its counsel and Plaintiff's former counsel agreed that Plaintiff's EEOC Charges Nos. 530-2011-02303 and 530-2011-01748 were duplicative and that Plaintiff's latter EEOC Charge should be dismissed." (Doc. No. 25, at 3.) It appears that plaintiff is under the mistaken impression that Judge Blewitt, by making the above quoted statement, was recommending that this court dismiss EEOC Charge No. 530-2011-01748. (Doc. No. 27, at 2.) A careful reading of the report and recommendation, however, demonstrates that Judge Blewitt was merely reciting the procedural history of this case, not recommending dismissal of the EEOC Charge. (Doc. No. 25, at 3.) In fact, Judge Blewitt states, after a lengthy recital of the claim's history, "Thus, we only consider Plaintiff's claims raised in his EEOC Charge No. 530-2011-2303 since only these claims are properly before this Court. Plaintiff's claims in his EEOC Charge No. 530-2011-01748 were not exhausted at the time he filed the instant action." As such, it is clear that Judge Blewitt did not recommend that the court dismiss case 530-2011-01784.

## **CONCLUSION**

Plaintiff has failed to produce evidence in opposition to defendant's motion for summary judgment demonstrating the existence of a genuine issue of material fact. Defendant, on the other hand has produced evidence indicating that plaintiff was terminated for disciplinary reasons rather than

discriminatory reasons that violated federal law. In light of the foregoing, the court will **ADOPT** report and recommendation **IN ITS ENTIRETY** and **GRANT** defendant's motion for summary judgment.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** September 30, 2013

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-0032-01.wpd